ISIDOR LEVISON, Appellant, *v.* THE METROPOLITAN STREET RAIL-
WAY Co., Respondent.

APPEAL from a judgment, rendered in favor of the defendant
in the Municipal Court of the city of New York, seventh district,
borough of Manhattan.

David C. Myers, for appellant.

G. Glenn Worden, for respondent.

Scott, J. The circumstances under which the plaintiff suffered the injuries for which he seeks damages, were unusual. At about 7 o'clock in the evening of a February day, when it was quite dark, the plaintiff was walking east on One Hundred and Twenty-fifth street. As he approached Lenox avenue a car operated by defendant was passing toward the north. It crossed One Hundred and Twenty-fifth street and stopped just north of the northerly crossing. The plaintiff, proceeding on his way, across Lenox avenue, undertook to pass immediately behind the car, when he stumbled upon and fell into the fender attached to the rear of the car, which in some way, not explained by the evidence had fallen down, and he was dragged some distance, before the car was again stopped. When the accident happened the conductor was inside the car collecting fares. He consequently did not see the plaintiff fall into the fender, and did not know that he had so fallen when he gave the signal to start the car. The car had started from One Hundred and Sixth street, and the fender was then folded up. At One Hundred and Sixteenth street, nine blocks from the scene of the accident the conductor had noticed that it was still folded up. The car was crowded and from One Hundred and Sixteenth street to One Hundred and Twenty-fifth street the conductor was inside the car collecting fares. He, therefore, did not observe the fender between those streets, and did not know that it had fallen down. Upon these facts the plaintiff had no cause of action against the defendant. He was not a passenger, but a traveler upon the highway, and the defendant's obligation to him must be measured by that circumstance. The defendant had a right to stop its car at the crosswalk, and it is not contended that it was so stopped at an improper place. The fender was not inherently a dangerous appliance, but on the contrary was a device carried for the protection of travelers. It does not appear that it was improperly constructed, or that its fastenings were under usual conditions defective or insufficient. The defendant is not chargeable with notice that it had fallen down, for no employee had seen it after it had fallen, and the evidence is that only a short time before it had been folded up. The mere fact that it projected behind the vehicle does not necessarily impute negligence to the defendant,

in the absence of actual or constructive notice to it.   Upon the plaintiff's own evidence judgment was properly rendered in favor of the defendant.   Gargan v. West End Street R. Co., 57 N. E. Rep. 217.

McADAM, P. J., and MacLEAN, J., concur.

Judgment affirmed, with costs.